[No. 55873-6. En Banc. April 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS R. HERZOG, *Appellant.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman* and *Donna L. Wise, Deputies,* for respondent.

PEARSON, J.—Upon sentencing the defendant for first degree rape, the trial court considered the facts underlying a previous, constitutionally invalid, foreign conviction to sentence the defendant to the maximum sentence within the standard range. This case is before this court following certification of the following issue by the Court of Appeals, Division One, pursuant to RCW 2.06.030(d):

> Did the trial court err in considering facts alleged in a foreign conviction which was determined to be constitutionally invalid in setting defendant's sentence within the standard range?

We answer this question in the negative and, accordingly, we affirm the trial court.

## FACTS

On December 6, 1985, the defendant, Dennis Herzog, was convicted of rape in the first degree. The only account in the record before this court of the facts underlying that conviction is contained in the prosecutor's certification for determination of probable cause. That document provides:

> On or about September 1, 1985, the victim . . . met the defendant Dennis Richard Herzog through a mutual

friend. The three of them went to the apartment occupied by the defendant. The defendant made a pass ast [*sic*] the victim, but was rebuffed. The victim then asked to be driven home. While driving her home the defendant stopped in a parking lot in North Seattle, King County, Washington, where he forced the victim into the back of his car at knife point. He then engaged in sexual intercourse with the victim under threat of physical harm if she did not comply. The defendant then allowed the victim to dress while he drove some distance. Once dressed the defendant pushed the victim out of the car.

On May 16, 1986, the trial judge sentenced Herzog to 71.5 months of confinement in the custody of the Department of Corrections.

In calculating Herzog's offender score for the purpose of determining the sentencing range, the State presented the following criminal history to the court: a 1978 conviction for escape, violative of Idaho Code § 18–2505; and a 1981 conviction for rape, violative of ¶ 177/I of West Germany's criminal code. The trial court found the 1981 West Germany rape conviction did not meet the requirements of the United States Constitution since the trial was conducted before a panel of only two jurors. Accordingly, that sentence was not considered in calculating the offender score. Thus, the trial court assigned Herzog an offender score of 1, counting only the 1978 Idaho conviction. The trial court further calculated the seriousness level of first degree rape as 10, resulting in a standard range of 57 to 75 months and, as stated, imposed a 71.5–month sentence.

In *State v. Herzog,* 48 Wn. App. 831, 740 P.2d 380 (1987), the Court of Appeals reversed the sentence and remanded to the trial court for resentencing. Affirming the trial court's refusal to consider the constitutionally invalid West Germany rape conviction, the Court of Appeals reversed, holding that pursuant to RCW 9.94A.360(2) (the "wash–out" statute), the trial court also should not have considered the defendant's 1978 Idaho conviction.

Upon remand, the trial judge recalculated the offender score as zero, determined a standard range of 51 to 68

months, and sentenced the defendant to the maximum 68 months' confinement with credit for 29 months already served. Before the trial court, and contained in the presentence statement of the King County Prosecuting Attorney, was a detailed, 6–page translated copy of the findings and judgment entered against the defendant in the 1981 West Germany rape case. That document graphically relates the defendant's actions in forcing the West German victim to engage in sexual intercourse.

In sentencing Herzog to the maximum sentence within the standard range, the following colloquy occurred between the court and defense counsel:

THE COURT: Well, Counsel, let's get something clear. I can't count that West Germany conviction so far as the point system is concerned.

Ms. GARBERDING: Correct.

THE COURT: But is it your contention I cannot consider it in sentencing within the range?

Ms. GARBERDING: Your Honor, I believe there is an extreme danger in considering that at all because it is so obvious that that conviction is constitutionally invalid.

THE COURT: I recognize that and I didn't use it for scoring, but isn't the Court free to use any fact insofar as sentencing within the standard range, because I will be perfectly frank with you, everything you say to me is not making a lot of sense because of that West Germany conviction. That was a rape. I don't see how an Appellate Court can say to the trial judge, "You may not exercise your discretion within the sentencing range even though you may not use that sentence for the scoring."

## ANALYSIS

Upon adoption of the Sentencing Reform Act of 1981 (SRA), the Legislature provided, "[a] sentence within the standard range for the offense shall not be appealed." RCW 9.94A.210(1). At first glance, then, this provision arguably resolves the issue in the instant case. Nevertheless, the State concedes this statutory prohibition does not apply to the facts of this case.

In *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796, *cert. denied,* 479 U.S. 930 (1986), this court considered numerous challenges to the constitutionality of the SRA. In that case, we held:

> We read RCW 9.94A.210(1) as only precluding appellate review of challenges to the amount of time imposed when the time is within the standard range. The Legislature by establishing presumptive sentence ranges has structured the trial court's discretion. When the sentence given is within the presumptive sentence range then as a matter of law there can be no abuse of discretion and there is no right to appeal that aspect. *An appellant, of course, is not precluded from challenging on appeal the procedure by which a sentence within the standard range was imposed.*

(Italics ours.) *Ammons,* 105 Wn.2d at 182–83. In fact, were RCW 9.94A.210(1) read to prohibit any appeal, it would likely violate the guaranty of "the right to appeal in all cases" contained in article 1, section 22 of the Washington Constitution. Furthermore, one commentator has suggested that the first sentence of RCW 9.94A.210(1) was adopted by the Legislature simply as a "limitation on the newly created right of substantive review of exceptional sentences, so as to prevent that new right from extending beyond the reason for its creation." D. Boerner, *Sentencing in Washington* § 6.23 (1985). In any event, even were the statutory prohibition absolute, a challenge based upon constitutional grounds should defeat the statute. Regardless, the State has conceded the issue; therefore, we assume without deciding that such concession is appropriate.

The issue therefore becomes, what are the limits on a trial judge when imposing sentence within the standard range. Again, the Legislature has arguably resolved the issue. "The court may impose any sentence within the range that it deems appropriate." RCW 9.94A.370(1). There is indeed a tradition in American criminal jurisprudence, which gained force particularly in the late 19th century, that allows wide discretion to a sentencing judge:

[B]oth before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. Out-of-court affidavits have been used frequently, and of course in the smaller communities sentencing judges naturally have in mind their knowledge of the personalities and backgrounds of convicted offenders.

(Footnotes omitted.) *Williams v. New York,* 337 U.S. 241, 246, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949). Therein the Court recognized that according wide latitude to the sentencing judge comports with the view that "the punishment should fit the offender and not merely the crime." *Williams v. New York, supra* at 247.

As Judge Friendly stated, a sentencing court should be almost completely unfettered in order that it may "acquire a thorough acquaintance with the character and history of the man before it." *United States v. Doyle,* 348 F.2d 715, 721 (2d Cir.), *cert. denied,* 382 U.S. 843 (1965). Accordingly, a survey of numerous decisions reveals that a "sentencing judge has very broad discretion in imposing any sentence within the statutory limits, and in exercising that discretion *he may and should consider matters that would not be admissible at a trial.*" (Italics ours.) *United States v. Sweig,* 454 F.2d 181, 183–84 (2d Cir. 1972) (enhancement of sentence based upon defendant's silence and failure to cooperate with government not violative of right against self–incrimination). *See also Roberts v. United States,* 445 U.S. 552, 63 L. Ed. 2d 622, 100 S. Ct. 1358 (1980) (enhancement of sentence based upon defendant's refusal to cooperate with the government not violative of due process); *United States v. Grayson,* 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610 (1978) (enhancement of sentence due to trial judge's belief that defendant committed perjury while testifying at trial not violative of due process); *Williams v. Oklahoma,* 358 U.S. 576, 3 L. Ed. 2d 516, 79 S. Ct. 421

(1959) (enhancement of sentence based upon prior conviction, for which defendant was already punished, and hearsay not violative of double jeopardy prohibition nor due process); *Williams v. New York, supra* (enhancement of sentence based upon crimes, for which defendant was not tried or convicted, and hearsay not violative of due process); *United States v. Benton,* 637 F.2d 1052 (5th Cir. 1981) (enhancement of sentence based upon hearsay reports accusing defendant of several uncharged homicides not violative of due process); *United States v. Ochoa,* 659 F.2d 547 (5th Cir. 1981) (enhancement of sentence based upon conviction that has been appealed, and remains undecided, permissible), *cert. denied,* 455 U.S. 959 (1982); *United States v. Morgan,* 595 F.2d 1134 (9th Cir. 1979) (enhancement of sentence based upon facts pertaining to prior acquittals, and police report summaries of defendant's statements and actions, not violative of due process); *United States v. Martinez,* 584 F.2d 749 (5th Cir. 1978) (enhancement of sentence based upon facts underlying dismissed counts, upon which defendant was never tried, permissible); *United States v. Bowdach,* 561 F.2d 1160 (5th Cir. 1977) (enhancement of sentence based upon facts underlying previous conviction, subsequently overturned on appeal, not violative of double jeopardy prohibition nor due process); *United States v. Johnson,* 507 F.2d 826 (7th Cir. 1974) (enhancement of sentence based upon facts underlying subsequent criminal activity, to which the defendant has pleaded not guilty, not violative of due process), *cert. denied,* 421 U.S. 949 (1975); *United States v. Chewning,* 458 F.2d 381 (9th Cir. 1972) (enhancement of sentence based upon hearsay contained in presentence report not violative of due process); *United States v. Schipani,* 435 F.2d 26 (2d Cir. 1970) (enhancement of sentence, based upon evidence illegally obtained, permissible), *cert. denied,* 401 U.S. 983 (1971); *United States v. Doyle, supra* (enhancement of sentence based upon evidence underlying counts that were dismissed not violative of due process).

In commenting on Washington's sentencing practices since the adoption of the SRA, Professor Boerner notes a trial judge's discretion when sentencing within the standard range is largely unfettered:

The judicial decision of what period of total confinement to impose within that permitted by the applicable sentence range is statutorily unguided. . . . No standard for determining appropriateness is provided, nor is a sentencing judge required to state the basis upon which his or her decision was made. Thus, within this zone of discretion, *sentencing judges may base decisions on any purpose of sentencing.* . . .

In allowing this free exercise of discretion the Act places no limitation on the information the sentencing judge may consider.

(Italics ours.) D. Boerner, *Sentencing in Washington* § 6.13(a) (1985). In one final sentence, citing no authority, Professor Boerner concludes:

Of course, a judge may not base a decision on constitutionally *impermissible* reasons such as race or sex, but absent this limitation, no limits of relevance exist.

D. Boerner, at 6–21.

In fact, another such constitutionally impermissible reason, not discussed in the commentary, would be any action taken by the sentencing judge that fails to comport with constitutional due process requirements as afforded by amendment 14, section 1 of the United States Constitution, or article 1, section 3 of the Washington Constitution. In the case at hand, defendant raises no issue with respect to due process under the Washington Constitution. Thus, no separate analysis under the criteria enunciated in *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808 (1986) is necessitated. *State v. Wethered,* 110 Wn.2d 466, 755 P.2d 797 (1988).

Arguing this case involves a violation of his constitutionally protected federal due process rights, the defendant contends *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972) is wholly dispositive of the case at hand. In *Tucker,* the defendant was convicted of armed bank robbery. At the sentencing hearing, the trial judge

gave "explicit attention" to the defendant's three prior felony convictions and then sentenced him to 25 years in prison, the maximum term authorized by statute. *Tucker,* 404 U.S. at 444. In a *subsequent* proceeding, it was determined that two of the three prior felony convictions were constitutionally invalid, since the defendant had been unrepresented by counsel and had neither been advised of his right to counsel nor had he intelligently waived that right.

In reversing the sentence and remanding for resentencing, the five Justices on the *Tucker* majority held:

For we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon *misinformation* of constitutional magnitude. As in *Townsend* v. *Burke,* 334 U. S. 736, [92 L. Ed. 1690, 68 S. Ct. 1252 (1948)] "this prisoner was sentenced on the basis of assumptions concerning his criminal record which were *materially untrue." Id.,* at 741. . . .

. . . For the real question here is not whether the results of the Florida and Louisiana proceedings might have been different if the respondent had had counsel, but whether the sentence in the 1953 federal case might have been different *if the sentencing judge had known* that at least two of the respondent's previous convictions had been unconstitutionally obtained.

(Italics ours.) *Tucker,* 404 U.S. at 447–48. In his dissenting opinion, Justice Blackmun, with whom Chief Justice Burger joined, argued that it was not the fact of the previous convictions that had led to the imposition of the most severe penalty, but the admitted illegal conduct of the defendant underlying those convictions:

Tucker testified on cross–examination at that trial not only as to the fact of three prior state felony convictions, but, as well, as to his engaging in the proscribed conduct underlying two of those convictions. . . . Thus, wholly apart from formal convictions, Tucker conceded criminal conduct on his part on three separate prior occasions.

*Tucker,* 404 U.S. at 450–51. In *Townsend v. Burke,* 334 U.S. 736, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948), cited by the

*Tucker* Court, the Court discussed the propriety of a sentencing judge relying upon factually incorrect information pertaining to the defendant's criminal history. In that case, the Court held that "it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false . . . that renders the proceedings lacking in due process." *Townsend,* 334 U.S. at 741.

The defendant's argument in the case at hand fails to recognize the glaring distinctions between this case and *Tucker* or *Townsend.* In *Tucker* and *Townsend,* factual errors were made in the sentencing proceedings. In *Tucker,* the sentencing judge was unaware of the fact that the prior, formal convictions were constitutionally infirm. In the instant case, the sentencing judge was the identical judge who in fact ruled that the prior West Germany conviction was constitutionally invalid in the United States, and thus determined that it could not be considered as a conviction. In point of fact, had the sentencing judge in *Tucker* been presented with affidavits detailing the defendant's actions underlying the invalid, prior convictions, the Supreme Court did *not* say consideration of those facts would violate due process. It was the fact that the judge had relied upon the conviction, *unaware of its invalidity,* that violated the defendant's due process rights. Put simply, a distinction must be made between enhancing a sentence upon misinformation of constitutional magnitude and enhancing a sentence based upon alleged facts pertaining to the defendant's criminal or antisocial behavior at some previous point in time.

In *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), the Supreme Court reversed a *conviction* under a Texas recidivist statute since some of the prior convictions, convictions that constituted a necessary element of the recidivist offense, were obtained in violation of the defendant's *Gideon*[1] right to counsel. A similar instance

---

[1] *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963).

arose in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), where this court reversed prior convictions under the habitual criminal statute that were based upon pre–*Boykin*[2] pleas. *See also State v. Gore,* 101 Wn.2d 481, 681 P.2d 227 39 A.L.R.4th 975 (1984); *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980). Nonetheless, these cases provide no support for the defendant in the case at hand. Under a recidivist statute, the sole concern is whether a formal, prior conviction exists. Of course, if a conviction is illegal, it may not be considered as a conviction for the purpose of obtaining a new conviction under a criminal statute, an element of which requires the existence of a prior, valid offense. Whereas, in the instant case, the court is concerned with the defendant's entire life situation. The sentencing court was aware that the prior conviction is constitutionally infirm, and in its informed discretion it was able to recognize the inherent unreliability of the underlying facts. In this case, neither the defendant's sentence nor his guilt was automatically enhanced as a result of a misinformed sentencing judge.

In a case strikingly similar to the one at hand, the Ninth Circuit affirmed the enhancement of a sentence by the trial judge where the defendants were convicted of possession of cocaine and had prior uncounseled Mexican convictions for drug–related offenses. *United States v. Fleishman,* 684 F.2d 1329 (9th Cir.), *cert. denied,* 459 U.S. 1044 (1982). Therein, the court recognized that *Tucker* prohibited reliance on convictions obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963) principles where the trial court was unaware of the invalid nature of the previous convictions. The court nonetheless found there was no "mistake" regarding the facts upon which the judge had relied:

> The district court was under no mistaken belief that the prior Mexican convictions had comported with the Sixth Amendment. The district court was apprised of the

---

[2]*Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).

alleged infirmities attending the Mexican convictions. The district court was, therefore, under no mistaken impression that the convictions were constitutionally valid under this country's laws as was the sentencing court in *Tucker.* The record indicates that the district court enhanced the appellants' sentences because of the *fact* that they had been involved in drug–related offenses and had not learned from their experiences. Consideration of the appellants' prior involvement with cocaine is permissible.

*Fleishman,* 684 F.2d at 1346.

As the 14 federal cases cited previously reveal, a sentencing judge is not limited to consideration of facts that would be admissible at trial. Those cases stand for the proposition that a judge, in his or her discretion, may enhance the present sentence through reliance upon illegally obtained evidence; the mere fact of arrest; facts underlying a dismissed charge; facts underlying a charge upon which the defendant is acquitted; facts obtained by a probation counselor from an unreliable source that constitute hearsay upon hearsay; and, of course, the fact of prior conviction even though the defendant was sentenced and fully served his or her time on that charge. Again, as Judge Friendly recognized, "[t]o argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions." *United States v. Doyle,* 348 F.2d 715, 721 (2d Cir.), *cert. denied,* 382 U.S. 843 (1965). Likewise, the judge may consider hearsay affidavits "even though obtained outside the courtroom from persons whom a defendant has not been permitted to confront or cross–examine." *Williams v. New York,* 337 U.S. 241, 245, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949). The Supreme Court has recognized that such sentencing procedures, rather than being contrary to fundamental fairness, actually serve valid functions:

> We must recognize that most of the information now relied upon by judges to guide them in the intelligent

imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross–examination. . . .

The considerations we have set out admonish us against treating the due process clause as a uniform command that courts throughout the Nation abandon their age–old practice of seeking information from out–of–court sources to guide their judgment toward a more enlightened and just sentence. . . . In determining whether a defendant shall receive a one–year minimum or a twenty–year maximum sentence, we do not think the Federal Constitution restricts the view of the sentencing judge to the information received in open court. The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice.

*Williams v. New York,* 337 U.S. at 250–51.

Hypothetically, had the sentencing judge in the case at hand not been provided with the detailed findings of the tribunal, but rather an affidavit from the West German victim detailing the defendant's sexual assault upon her, the judge certainly could have considered the victim's accusations in determining the defendant's sentence within the range. Granted, as unconfronted hearsay, the evidence is unreliable; but due process simply does not demand the same evidentiary presumptions nor reliability in a sentencing proceeding. It is simply impossible to fathom, for the purpose of the present sentencing, how the mere fact of conviction under the West Germany system somehow taints the alleged underlying behavior.

Nonetheless, *Tucker* and *Townsend* do stand for the proposition that if a sentencing judge relies upon material facts of constitutional magnitude that are not true, the defendant's sentence has been enhanced in violation of due process.

In order to protect against the possibility that a defendant's due process rights will be infringed upon by the

sentencing judge's reliance on false information, the Legislature has stated:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence.

RCW 9.94A.370(2). In the case at hand, the judgment and findings of the West Germany tribunal were contained in the presentence report. Pursuant to the statute, then, the defendant's failure to object to material facts contained in the presentence report deemed those facts acknowledged for purposes of the sentencing judge's consideration.

Despite the opportunities, the defendant has never denied his rape of the West German victim. Accordingly, the sentencing judge was thoroughly justified in relying upon the fact of that rape in sentencing the defendant for the present offense. Defendant argues his denial of the use of a knife in the West Germany rape should result in a reversal of his sentence. However, the defendant has failed to show that following his denial the court placed any emphasis on that fact in setting the sentence term. Further, we are absolutely unconvinced such a fact rises to the level of materiality contemplated by the Legislature in RCW 9.94A.370(2), or by the Supreme Court in *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972).

Accordingly, the defendant's federal due process rights were not violated. The sentence imposed by the trial court is affirmed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.

Reconsideration denied July 20, 1989.