

2014 MAR 10 AM 9:49

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Respondent,<br><br>v.<br><br>JACOB ALAN WARNER,<br><br>              Appellant. | No. 69347-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 10, 2014 |

LEACH, C.J. — Jacob Warner pleaded guilty to domestic violence assault in the first degree and domestic violence robbery in the first degree. Warner challenges his condition of community custody prohibiting him from "possess[ing] or consum[ing] alcohol" and "frequent[ing] establishments where alcohol is the chief commodity for sale." Warner also contends that the community custody condition prohibiting him from possessing "drug paraphernalia" is unconstitutionally vague. In a statement of additional grounds, Warner challenges his sentencing because the court did not order a mental evaluation, he has no history of violence, he did not receive proper time to prepare before speaking with the judge, and his family and friends were not allowed to provide testimony on his behalf at the sentencing hearing. We accept the State's concession that prohibiting Warner from "frequent[ing] establishments where alcohol is the chief commodity for sale" is invalid and remand for the sentencing

court to strike this condition. Because Warner fails to show that the remaining community custody conditions are invalid and his remaining arguments are meritless, we otherwise affirm.

## Background

On April 11, 2011, Warner and his mother entered the home of Warner's stepfather, Royce Glenn. When Warner and his mother entered Glenn's bedroom, Warner restrained Glenn while his mother hit him with a baseball bat. After Glenn broke free, Warner and his mother pursued him into the bathroom. Warner then started to hit Glenn with something other than the bat. Glenn again broke free, fled the house, and called the police.

Warner and his mother fled the house, taking with them Glenn's wallet. This held some of Glenn's credit cards. When police searched the house, they found a bat and torque wrench with blood on them. Warner later stated that he was under the influence of methamphetamine at the time of the assault. Warner claimed, however, that he had not used alcohol in the past three years.

On August 1, 2012, Warner pleaded guilty to first degree assault and first degree robbery. Warner stipulated to the facts contained in the affidavit of probable cause.

On August 31, 2012, the court imposed a standard range sentence of 147 months of confinement on the assault charge and 54 months of confinement on the robbery charge. The court also imposed 36 months of community custody, including the following challenged conditions:

4. Do not possess or consume alcohol and do not frequent establishments where alcohol is the chief commodity for sale.

. . . .

7. Do not possess drug paraphernalia.

Warner appeals.

## Analysis

We review the trial court's statutory authority to impose community custody conditions de novo.[1] Conditions of community custody may include treatment and counseling services, prohibition from consuming alcohol, and "crime-related prohibitions."[2] A "crime-related prohibition" is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted."[3]

### Alcohol-Related Community Conditions

Warner contends that the trial court lacked authority to impose community custody conditions prohibiting him from possessing alcohol or from "frequent[ing] establishments where alcohol is the chief commodity for sale." The State concedes that because no evidence showed Warner used alcohol at the time of his offense, the trial court lacked authority to prohibit Warner from possessing alcohol and "frequent[ing] establishments where alcohol is the chief commodity for sale." But, as the State notes, a trial court may prohibit a defendant from consuming alcohol even if the crime did not involve alcohol.[4] Therefore, we

---

[1] State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).
[2] RCW 9.94A.703(3)(c), (e), (f).
[3] RCW 9.94A.030(10).
[4] State v. Jones, 118 Wn. App. 199, 206, 76 P.3d 258 (2003).

accept the State's concession and remand for the sentencing court to strike the invalid conditions of possessing alcohol and "frequent[ing] establishments where alcohol is the chief commodity for sale." We affirm the community condition prohibiting Warner from consuming alcohol.

Possession of Drug Paraphernalia

Warner claims that the community custody condition prohibiting him from possessing "drug paraphernalia" is unconstitutionally vague. "[T]he due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the state constitution requires that citizens have fair warning of proscribed conduct."[5] A statute is unconstitutionally vague if it does not (1) define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct it proscribes or (2) provide ascertainable standards of guilt to protect against arbitrary enforcement.[6]

The sentencing court has discretion to impose conditions of community custody, and we will reverse sentences only if manifestly unreasonable.[7] Imposing an unconstitutional condition is manifestly unreasonable.[8] Unlike a statute or ordinance, a condition of community custody enjoys no presumption of constitutionality.[9]

---

[5] State v. Bahl, 164 Wn.2d 739, 752, 193 P.3d 678 (2008) (citing City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).
[6] Bahl, 164 Wn.2d at 752-53 (quoting Douglass, 115 Wn.2d at 178).
[7] Bahl, 164 Wn.2d at 753 (citing State v. Riley, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993)).
[8] Bahl, 164 Wn.2d at 753.
[9] State v. Sanchez Valencia, 169 Wn.2d 782, 792, 239 P.3d 1059 (2010).

When interpreting a condition of community custody, a court considers terms in the context of their use.[10] For an undefined term, the court may consider the plain and ordinary meaning as set forth in a standard dictionary.[11] A condition is sufficiently definite if persons of ordinary intelligence can understand what the law proscribes, notwithstanding some possible areas of disagreement.[12]

Warner relies primarily on State v. Sanchez Valencia.[13] However, in that case, in determining that the condition did not provide fair notice of what a defendant could or could not do, the court reasoned that the condition referred very broadly to "paraphernalia," as opposed to the more specific term "drug paraphernalia."[14]

And unlike "paraphernalia," "drug paraphernalia" is a statutorily defined term:

> "[D]rug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance.[15]

In Sanchez Valencia, our Supreme Court expressed concern that the community custody condition would lead to arbitrary enforcement because one

---

[10] Bahl, 164 Wn.2d at 754 (citing Douglass, 115 Wn.2d at 180).
[11] Bahl, 164 Wn.2d at 754 (citing State v. Sullivan, 143 Wn.2d 162, 184-85, 19 P.3d 1012 (2001)).
[12] Bahl, 164 Wn.2d at 754 (quoting Douglass, 115 Wn.2d at 179).
[13] 169 Wn.2d 782, 239 P.3d 1059 (2010).
[14] Sanchez Valencia, 169 Wn.2d at 794.
[15] RCW 69.50.102(a).

corrections officer could deem a sandwich bag paraphernalia while another might not.[16] In contrast, here, the statutory definition contains an explicit requirement that the prohibited object be intended for use related to "a controlled substance," therefore protecting against arbitrary enforcement.[17] The condition prohibiting the possession of "drug paraphernalia" is not unconstitutionally vague.

## Statement of Additional Grounds

### Sentencing Challenges

In a statement of additional grounds, Warner challenges his sentencing on the bases that the court denied him a mental evaluation, he does not have a prior history of violence, and he "was not given time to get [his] paperwork in order . . . so that [he] could refer to them when [speaking with] the judge at sentencing."

No incompetent person may be tried, convicted, or sentenced for the commission of an offense as long as the incapacity continues.[18] "A defendant is competent if he has the capacity to understand the nature of the proceedings against him and to assist in his own defense."[19] RCW 10.77.060 requires a court to order a mental evaluation whenever there is reason to doubt the defendant's competency. In that situation, the court must appoint qualified experts to

---

[16] Sanchez Valencia, 169 Wn.2d at 794-95.
[17] RCW 69.50.102(a).
[18] RCW 10.77.050; In re Pers. Restraint of Fleming, 142 Wn.2d 853, 862, 16 P.3d 610 (2001).
[19] State v. Lord, 117 Wn.2d 829, 900, 822 P.2d 177 (1991).

determine if the defendant is competent to stand trial.[20] The trial court has broad discretion to order a competency examination.[21]

The evidence presented to the trial court here established merely that Warner had a history of mental illness.[22] The fact that a defendant is mentally ill does not necessarily demonstrate that he is incompetent.[23] No evidence presented to the court raises any questions about Warner's ability to understand the proceedings against him and assist in his own defense. Thus, his claim fails.

Generally, a party cannot appeal a standard range sentence.[24] "This prohibition does not, however, bar a party from challenging legal errors or abuses of discretion in the determination of what sentence applies."[25] A trial court has broad discretion to impose a sentence within the standard range.[26] And a trial judge is "under no obligation to explain his reason for imposing a sentence at the high end of the standard range."[27] The record shows that the sentencing court knew that Warner did not have a prior violent history. Thus, his claim fails.

---

[20] Fleming, 142 Wn.2d at 863.

[21] Fleming, 142 Wn.2d at 863.

[22] At sentencing, defense counsel noted that Warner received treatment in jail for depression and posttraumatic stress disorder.

[23] See, e.g., Lord, 117 Wn.2d at 901-02 (court did not err in denying request for competency hearing, even though defendant exhibited signs of mental illness, including delusions of conversations with the devil); State v. Smith, 74 Wn. App. 844, 850, 875 P.2d 1249 (1994) (without evidence linking psychological disorders to the capacity to plead guilty, the court did not err in denying motion to withdraw guilty plea).

[24] RCW 9.94A.585(1); State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003); State v. Smith, 118 Wn. App. 288, 292, 75 P.3d 986 (2003).

[25] Smith, 118 Wn. App. at 292 (citing Williams, 149 Wn.2d at 147).

[26] State v. Herzog, 112 Wn.2d 419, 424, 771 P.2d 739 (1989) (citing United States v. Sweig, 454 F.2d 181, 183-84 (2d Cir. 1972)).

[27] State v. Mail, 121 Wn.2d 707, 714, 854 P.2d 1042 (1993).

Warner next claims that he "was not given time to get [his] paperwork in order . . . so that [he] could refer to them when [speaking with] the judge at sentencing." Warner provided testimony at the sentencing hearing. Warner has failed to show how further preparation would have affected his testimony. Because Warner fails to show any error in the sentencing proceedings, we reject his claims.

Testimony from Family and Friends

Warner also claims that "[his] family and friends were not allowed in court to give testimony on [his] behalf." Warner waived his right to have witnesses testify in his own defense when he pleaded guilty to the charged crimes. During the sentencing hearing, the court must "allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer."[28] But the law does not require the court to allow arguments from the defendant's family and friends during the sentencing hearing. Therefore, Warner's claim fails.

Conclusion

Because the State concedes that the community custody conditions prohibiting Warner from possessing alcohol and "frequent[ing] establishments where alcohol is the chief commodity for sale" are invalid, we remand to the sentencing court to strike these conditions. Because the sentencing court has

---

[28] RCW 9.94A.500(1).

the authority to prohibit Warner from possessing alcohol, Warner failed to show that "drug paraphernalia" is unconstitutionally vague, and no evidence in the record supports the claims that Warner asserts in his statement of additional grounds, we otherwise affirm.

_Leach, C.J._

WE CONCUR:

_Spearman, J._

_Grosse, J._