IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31189-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TAYLOR D.W. MAREAN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Taylor Marean appeals the standard range sentence imposed for his conviction for vehicular homicide. He claims the trial court abused its discretion in denying his request for an exceptional sentence below the standard range because it incorrectly assumed it did not have legal authority to impose such a sentence. Finding no error, we affirm.

## FACTS

During the evening of February 13, 2010, Brooke Reese and Jacoby Bryant, both teenagers, went to a party at a friend's house. Taylor Marean and Ryan Perizzo showed up at the party around midnight. All four were drinking alcohol. Ms. Reese and Ms. Bryant left the party about 2:00 a.m. in Ms. Reese's car. Mr. Marean and Mr. Perizzo

followed them in a car driven by Mr. Marean.

According to Ms. Reese, Mr. Marean would speed up and pass her, slow down to let her catch up, and then pass her again at a high rate of speed. At one point, he rolled down his window and said, "let's race." Ex. 2 at 3. Mr. Marean took off at a high rate of speed, and Ms. Reese accelerated in an attempt to catch up with him. As she approached an intersection for a left-hand turn, she lost control of her car, and Mr. Marean's car struck her car along the driver's side, driving her car sideways across a curb and into a tree. Ms. Bryant was killed instantly as a result of the collision. The cause of death was severance of her brain stem and blunt force trauma. Mr. Marean's blood alcohol level at the time of the collision was 0.13 grams per milliliter.

The State charged Mr. Marean with vehicular homicide.[1] After two years of unsuccessful plea negotiations, Mr. Marean entered a guilty plea as charged in exchange for the prosecutor's agreement to recommend a sentence within the standard range of 31 to 41 months.

At sentencing, Mr. Marean sought an exceptional sentence downward of 24 months based on his allegation that Ms. Bryant was a "willing participant" in the offense under RCW 9.94A.535(1)(a). He asked the court to consider two supporting exhibits—a

---

[1] The State also charged Ms. Reese with vehicular homicide.

2

toxicology report indicating that Ms. Bryant's blood alcohol level was 0.12 at the time of her death and a supplemental police report. The court accepted highlighted portions of the supplemental police report, but rejected the toxicology report, finding it irrelevant to the sentencing issues. Based on the police report, defense counsel then argued:

> I'm not blaming the victim but I want you to know what it sounded like then. It says in the report he [Mr. Marean] spoke to Reese and Bryant. And all we know from the report is he said, "Let's race." And it sounds like—I wasn't there, Judge, but it sounds like they agreed.

Report of Proceedings (RP) at 83.

The court denied Mr. Marean's request and imposed a mid-range standard range sentence of 36 months, explaining, "I do not believe we have the legal basis for a willing participant criteria that the Court can use to allow a downward." RP at 97. Mr. Marean appeals the sentence.

## ANALYSIS

Mr. Marean contends the trial court committed reversible error by categorically refusing to consider the "willing participant" mitigating factor under RCW 9.94A.535(1)(a). He also maintains the court erroneously eliminated evidence of Ms. Bryant's blood alcohol level and "then determined as a matter of law that the defense was off limits because the victim was a passenger." Br. of Appellant at 18.

3

Initially, we note that a standard range sentence is generally not appealable. But a criminal defendant "may appeal a standard range sentence if the sentencing court failed to comply with procedural requirements of the SRA [Sentencing Reform Act of 1981, ch. 9.94A RCW] or constitutional requirements." *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006). "[W]here a defendant has requested an exceptional sentence below the standard range, review is limited to circumstances where the court has refused to exercise its discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

"A court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances; i.e., it takes the position that it will never impose a sentence below the standard range." *Id.* For example, a court relies on an impermissible basis for declining to impose an exceptional sentence below the standard range if it takes the position that no drug dealer should get an exceptional sentence down or it refuses to consider the request because of the defendant's race, sex, or religion. *Id.*

In *State v. Cole*, 117 Wn. App. 870, 73 P.3d 411 (2003), the defendant unsuccessfully requested a below range sentence and then challenged the court's refusal

4

to impose an exceptional sentence on appeal. The court held that the defendant could not appeal from a standard range sentence where the trial court considered the defendant's request for the application of a mitigating factor, heard argument on the issue, and then exercised its discretion by denying the request. *Id.* at 881. Similarly, in *Garcia-Martinez*, involving an equal protection challenge to a standard range sentence, the court held that a trial court that has considered the facts and concluded no basis exists for an exceptional sentence has exercised its discretion and the defendant may not appeal that ruling. *Garcia-Martinez*, 88 Wn. App. at 330.

Under RCW 9.94A.535(1), a court may impose an exceptional sentence below the standard range if the court finds that mitigating circumstances are established by a preponderance of the evidence. Mitigating circumstances may be found if, "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.535(1)(a). The "willing participant" factor is applicable where both the defendant and the victim engaged in the conduct that caused the offense to occur. *State v. Hinds*, 85 Wn. App. 474, 481, 936 P.2d 1135 (1997).

Mr. Marean claims that as a result of the court's categorical rejection of the "willing participant" mitigating factor, the court refused to consider a toxicology report revealing Ms. Bryant's blood alcohol level of 0.12 at the time of the collision. According

5

to Mr. Marean, this blood alcohol level explained why "[Ms. Bryant's] decision-making capacity might be impaired to the point where, as the record suggests, all four persons involved were there willingly and were participating in the race." Br. of Appellant at 20. Mr. Marean further contends that it is fair to infer that Ms. Bryant was aware the drivers were intoxicated, that Ms. Reese was not holding her hostage, and that she agreed to the race because she was directly across from Mr. Marean when he rolled down his window and invited Ms. Reese and Ms. Bryant to race.

Contrary to Mr. Marean's assertion, the record reveals that the court was aware of its discretion to impose a sentence below the standard range and did not misunderstand the law. Nothing in the court's oral decision indicates that it rejected the exceptional sentence based on a belief that a passenger, by definition, could not be a "willing participant" under RCW 9.94A.535(1)(a). A plain reading of the oral decision demonstrates that the court considered the proposed mitigating factor and found it legally and factually insufficient to warrant an exceptional sentence downward.

During the guilty plea hearing, the court heard evidence that (1) witnesses saw the cars speeding, (2) Ms. Reese admitted to drinking four shots of vodka prior to the collision, (3) all four teenagers were drinking, (4) Ms. Reese was speeding and lost control of the car, and (5) Ms. Reese accepted Mr. Marean's challenge to race. The court

6

disagreed that these facts supported an inference that Ms. Bryant accepted the challenge to race or that she was "to a significant degree" a willing participant in the incident. As the court explained, "[t]he passenger in the vehicle, the young girl who is dead, that's who we're talking about. She wasn't driving. She didn't participate in anything other than being in the vehicle." RP at 97. "Without an adequate factual or legal basis to permit it to step outside the standard range, the court decided it could not impose a sentence other than one within the standard range. This is an appropriate exercise of the sentencing discretion." *Garcia-Martinez*, 88 Wn. App. at 331.

We also reject Mr. Marean's argument that the court erred in refusing to consider the toxicology report. Sentencing courts have wide discretion over the sources and types of information they consider in determining the length of a sentence within the standard range. *State v. Herzog*, 112 Wn.2d 419, 424, 771 P.2d 739 (1989) (quoting *Williams v. New York*, 337 U.S. 241, 246, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949)). Here, the court was well within its discretion in concluding that the toxicology report was of marginal relevance to mitigation. The facts before the court indicated Ms. Bryant had been drinking. But even assuming Ms. Bryant's judgment was impaired to the extent indicated in the toxicology report, it does not necessarily follow that she agreed to the race or otherwise significantly participated in the events that led to her death. The court was well

7

No. 31189-9-III
*State v. Marean*

within its discretion to disregard the report.

We affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Korsmo, J.                                              Brown, J.

8