# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

        Respondent,

    v.

BRIAN JOSEPH WAYLAND,

        Appellant.

DIVISION ONE

No. 78510-9-I

UNPUBLISHED OPINION

FILED: November 12, 2019

DWYER, J. — Brian Wayland pled guilty to 11 counts of robbery in the first degree and was given a standard range sentence of 129 months of incarceration. He appeals from his sentence, asserting that the sentencing court abused its discretion when it declined to impose an exceptional sentence below the standard range. Because the sentencing court properly exercised its discretion, we affirm.

I

Between March and May 2016, Brian Wayland robbed 11 banks in King, Pierce, and Thurston counties, stealing approximately $28,000 in cash. Following his arrest in May, Wayland confessed to the robberies. He then pled guilty to 11 counts of robbery in the first degree.[1]

At his sentencing, Wayland requested an exceptionally lenient sentence of time served and release to community custody so that he could receive treatment

---

[1] Although the robberies occurred in multiple counties, all the robbery charges against Wayland were consolidated under a single cause number in King County.

for posttraumatic stress disorder (PTSD). Wayland asked the court to find that his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired and to grant an exceptional sentence downward based on RCW 9.94A.535(1)(e).[2] In support of his request, Wayland presented testimony from an expert, Dr. April Gerlock, who specializes in psychiatric nursing. Gerlock testified that, in her opinion, Wayland's experience as a soldier in Afghanistan and Iraq, which left him with a gunshot wound, traumatic brain injuries, and an extreme case of PTSD, resulted in an impaired ability to conform his conduct to the requirements of the law. Dr. Gerlock further opined that Wayland needed in-patient treatment to manage his PTSD.

The State requested that the sentencing court impose a sentence of 129 months, at the low end of the standard range. The State argued that Wayland's robberies had significantly traumatized the bank employees he had robbed and that his PTSD did not significantly impair his "ability to make decisions about committing [the robberies]." The State also argued that Wayland posed a significant risk of reoffending if released, as he had been given an exceptionally

---

[2] RCW 9.94A.535(1)(e) states:
　　(1) Mitigating Circumstances – Court to Consider
　　The court may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence. The following are illustrative only and are not intended to be exclusive reasons for exceptional sentences.
　　　. . . .
　　(e) The defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired. Voluntary use of drugs or alcohol is excluded.

lenient sentence for prior robbery convictions and had resumed robbing banks shortly after his release.

The sentencing court denied Wayland's request for an exceptional sentence, noting that "[t]he substantial and compelling reason standard is a high bar. I don't find that it's been met," and sentenced Wayland as requested by the State. The sentencing court concluded that there were no

> substantial and compelling reasons justifying an exceptional sentence below the range. The record shows that Mr. Wayland does suffer from a mental condition. I don't find a connection between that condition and a significant impairment of Mr. Wayland's ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

Explaining the reasons for its decision, the sentencing court further stated that

> [t]he witness for the defense testified that Mr. Wayland's ability to conform was impaired as a result of post-traumatic stress disorder and traumatic brain injury, and it could very well be that Mr. Wayland engaged in this activity in part to get relief from that, but that doesn't mean, at least in my view, that his capacity to appreciate the wrongfulness of his conduct was significantly impaired. And I underscore that word "significantly."
> On the one hand, robbing banks can seem impulsive and irrational like a lot of crimes that are committed. On the other hand, Mr. Wayland committed these crimes over a series of weeks in multiple counties, and I don't find that to the extent Mr. Wayland suffers from post-traumatic stress disorder and traumatic brain injury that he was so impaired that he didn't have time, for example, to think about the dangers presented by these crimes.

II

Wayland contends that the sentencing court erred when it declined to give him an exceptionally lenient sentence. This is so, Wayland asserts, because (1) the sentencing court applied the wrong standard of proof for determining whether

there was a substantial and compelling reason to grant an exceptional sentence and (2) the sentencing court did not consider whether Wayland's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired.

Our review of the record, however, leads us to conclude that the sentencing judge both applied the proper standard of proof and properly considered Wayland's arguments and evidence before deciding that no exceptional sentence was warranted herein.

A

Generally, a sentence within the standard range sentencing guidelines set forth in the Sentencing Reform Act of 1981 (SRA) may not be appealed. RCW 9.94A.585(1); State v. Osman, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). There is an exception, however, for when a defendant seeks to challenge the procedure through which an exceptional sentence is denied and a standard range sentence is imposed. State v. Herzog, 112 Wn.2d 419, 423, 771 P.2d 739 (1989). In such circumstances, review is limited to determining whether the sentencing court abused its discretion by (1) categorically refusing to impose an exceptional sentence downward under any circumstances, (2) relying on an impermissible basis for refusing to impose an exceptional sentence below the standard range, or (3) failing to recognize that it has discretion to impose an exceptional sentence downward. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); accord State v. O'Dell, 183 Wn.2d 680, 697, 358 P.3d 359 (2015); In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 332-33, 166 P.3d 677 (2007).

4

"Even in those instances, however, it is the refusal to exercise discretion or the impermissible basis for the refusal that is appealable, not the substance of the decision about the length of the sentence." Garcia-Martinez, 88 Wn. App. at 330.

RCW 9.94A.535, which sets forth the circumstances in which a court may deviate from the standard SRA guidelines, states that a court "may impose a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." The statute further provides that a court "may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence." RCW 9.94A.535(1). The statute then sets forth a non-exhaustive list of mitigating circumstances which could justify the imposition of an exceptional sentence below the standard sentence range for an offense, one of which is that "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired. Voluntary use of drugs or alcohol is excluded." RCW 9.94A.535(1)(e).

B

Wayland contends that the sentencing court applied the wrong standard of proof and failed to consider the mitigating factor he urged justified the imposition of an exceptionally lenient sentence. Upon this premise, Wayland asserts that the sentencing court declined to give him an exceptional sentence because of an improper reason, application of the wrong legal standard, and its failure to recognize that it had discretion to impose an exceptional sentence. We disagree.

First, Wayland asserts that the sentencing court applied the wrong burden of proof when considering Wayland's chosen mitigating factor because, when announcing its decision, it stated that "[t]he substantial and compelling reason standard is a high bar. I don't find that it's been met." According to Wayland, this statement indicates that the sentencing court believed that the burden of proof was greater than by a preponderance of the evidence. This is plainly wrong. The sentencing court's statement says nothing about Wayland's burden of proof; it was simply a recognition that it is difficult to prove the existence of a substantial and compelling reason to impose an exceptional sentence.[3] Wayland does not identify any support in the record for his assertion that the trial court did not apply the proper burden of proof.

Second, Wayland asserts that the sentencing court did not consider the mitigating factor that his ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired.[4] This, again, is plainly incorrect. The sentencing court stated that there were no

> substantial and compelling reasons justifying an exceptional sentence below the range. The record shows that Mr. Wayland does suffer from a mental condition. I don't find a connection between that condition and a significant impairment of Mr. Wayland's ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

---

[3] Indeed, if it were otherwise, and exceptional sentences became the rule rather than the exception, the standard range sentencing guidelines could hardly be considered standard.

[4] Wayland also contends that because he successfully proved, by a preponderance of the evidence, that his ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired, the sentencing court was required to give him an exceptional sentence as a matter of law. Wayland is wrong. RCW 9.94A.535(1) is clear that a sentencing court *may* impose an exceptional sentence when a mitigating factor is proved by a preponderance of the evidence. It does not require the sentencing court to impose such a sentence but, rather, leaves it to the discretion of the sentencing court.

The sentencing court further explicitly acknowledged the testimony of Wayland's expert and explained why it considered it insufficient to prove the existence of a mitigating factor justifying an exceptional sentence:

> [t]he witness for the defense testified that Mr. Wayland's ability to conform was impaired as a result of post-traumatic stress disorder and traumatic brain injury, and it could very well be that Mr. Wayland engaged in this activity in part to get relief from that, but that doesn't mean, at least in my view, that his capacity to appreciate the wrongfulness of his conduct was significantly impaired. And I underscore that word "significantly."[5]
>
> On the one hand, robbing banks can seem impulsive and irrational like a lot of crimes that are committed. On the other hand, Mr. Wayland committed these crimes over a series of weeks in multiple counties, and I don't find that to the extent Mr. Wayland suffers from post-traumatic stress disorder and traumatic brain injury that he was so impaired that he didn't have time, for example, to think about the dangers presented by these crimes.

In short, the record establishes that the sentencing court fully considered Wayland's argument and the evidence presented by Wayland's expert witness and concluded that Wayland's ability to appreciate the wrongfulness of his conduct or to conform his actions to the requirements of the law was not proved to be significantly impaired.

The record establishes that the sentencing court exercised its discretionary authority to consider whether to grant Wayland an exceptional sentence and concluded that Wayland had failed to prove the existence of a mitigating factor that could permit the court to impose such

---

[5] Wayland contends that this statement shows that the sentencing court considered only whether Wayland's ability to appreciate the wrongfulness of his conduct was significantly impaired and did not consider whether Wayland's ability to conform his conduct to the requirements of the law was significantly impaired. The record rebuts this contention. The sentencing court explicitly stated that it did not find a connection between Wayland's mental health conditions and his "ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." It plainly considered Wayland's asserted mitigating factor in its entirety.

a sentence. Wayland's disagreement with the sentencing court's conclusion regarding his ability to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law is not ground for reversal.

Affirmed.

WE CONCUR: