IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38992-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER LYNN WARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — The trial court denied Jennifer Ward's request for a drug offender

sentencing alternative (DOSA) at resentencing following the revocation of her sentence

under the mental health sentencing alternative (MHSA) for noncompliance. Ward

appeals arguing that the court abused its discretion when it categorically denied her

request for a DOSA. She also challenges the imposition of a victim penalty assessment

(VPA). We affirm her sentence and remand to strike the VPA.

BACKGROUND

Jennifer Ward was charged by information with one count of possession of a

stolen motor vehicle and one count of making or possessing motor vehicle theft tools. As

a result of a plea agreement, Ward pleaded guilty to possession of a stolen motor vehicle.

In exchange for her guilty plea, the State and Ward entered a joint recommendation for a

MHSA.  The State also recommended dismissal of her charge for making or possessing

motor vehicle theft tools.

As a condition of her MHSA sentence, Ward was required to obtain a substance

abuse disorder evaluation, mental health treatment, and comply with the terms of

treatment.  The trial court found that Ward was indigent and imposed the then mandatory

$500 VPA.  All other legal financial obligations were waived.

A few months later, the State filed a petition to modify or revoke Ward's MHSA.

The court received a supplemental notice of violation from the Department of Corrections

(DOC) outlining Ward's alleged violations.  DOC asserted a "pattern of non-compliance

with [Ward's] conditions of supervision" and that Ward's "non-compliant behavior

shows no intent to follow through with any instructions the Court or [DOC] has given

her."  Clerk's Papers (CP) at 58.  "[Ward] has not made any attempts to engage into

treatment upon release despite multiple opportunities.  Ms. Ward refuses to respond to

any interventions that have been put in place for her to be successful in the community.

Ms. Ward has showed no participation under this sentencing alternative."  CP at 59.

The court held a hearing to address the alleged violations.  Ward was represented

by counsel and stipulated to her violations.  The court noted that Ward did well in

inpatient treatment but immediately relapsed after being released into the community and

refused to comply with DOC's attempts to contact her or get her to engage in treatment.

The court found that Ward willfully violated the terms of the MHSA and consequently revoked her MHSA.

After Ward's MHSA was revoked, her attorney requested a DOSA instead, which was denied:

> [WARD'S ATTORNEY]: My client asked me to request a residential DOSA if the Court sentenced her today.
>
> THE COURT: Denied.
>
> [WARD'S ATTORNEY]: Oh, prison-based DOSA.
>
> THE COURT: Denied. Go ahead and have your seat. We'll get our paperwork prepared.

Rep. of Proc. (RP) at 34. The court then imposed a 52 month sentence.

Ward timely appeals.

## ANALYSIS

1.  TRIAL COURT'S DENIAL OF DOSA

Ward contends that the court categorically denied her request for a DOSA, thereby abusing its discretion. The State argues that even if Ward was eligible for a DOSA, the sentencing court clearly denied her request based on her inability to comply with her MHSA sentence. We find no abuse of discretion.

"The DOSA program is an attempt to provide treatment for some offenders judged likely to benefit from it." *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183

(2005). "It authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from their addictions." *Id.* (citing RCW 9.94A.660). After finding a defendant eligible for a DOSA sentence, the court must determine whether a DOSA sentence is appropriate. RCW 9.94A.660(3).

A trial court's decision whether to grant a DOSA is generally not reviewable. *Grayson*, 154 Wn.2d at 338 (citing RCW 9.94A.585(1); *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003)). However, a defendant may challenge the procedure through which a sentence was imposed. *Id.* (citing *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989)). A sentencing court abuses its discretion when it refuses categorically to impose a DOSA sentence under any circumstances, or refuses to consider the alternative sentence for a class of offenders. *Id*. at 342 (citing *State v. Garcia-Martinez*, 88 Wn. App. 332, 330, 994 P.2d 1104 (1997)).

The sentencing court's denial of Ward's request for a DOSA sentence was not a categorical denial. The court did not suggest that it was refusing to ever impose a DOSA or refusing to consider a DOSA for a class of offenders. Instead, the court's denial was conclusory, not categorial. While we caution against such conclusory denials of a sentencing alternative, in this case, the reasons for the court's denial were abundantly clear from the record. *See State v. Pirtle*, 127 Wn.2d 628, 650, 904 P.2d 245 (1995) (Despite court's failure to explain its decision on the record, the decision to admit

4

evidence was not an abuse of discretion because the reasoning was clear from the record).

The court noted that once released, Ward made no attempts to contact DOC, respond to

their communications, or participate in treatment. As the court explained in revoking her

MHSA sentence, "patience is lost quite quickly when these services that are offered to

you—including sober and clean housing—are essentially denied, ignored, you know, not

taken advantage of." RP at 33. The court concluded that the MHSA alternative sentence

was a "bad fit." RP at 34.

Assuming Ward was eligible for a DOSA sentence, her absolute failure to

participate in her MHSA sentence demonstrated that she was not amenable to treatment

and not a good candidate for a treatment-based sentencing alternative. The court did not

abuse its discretion by denying Ward's request for a DOSA sentence.

2.   VICTIM PENALTY ASSESSMENT

Ward argues that the VPA imposed on her should be struck. She argues that

amended RCW 7.68.035, which prohibits the VPA from being imposed on indigent

defendants applies prospectively to Ward's case. We agree.

In April of this year, the legislature passed Engrossed Substitute H.B. 1169, 68th

Leg., Reg. Sess. (Wash 2023), which amends RCW 7.68.035 to prohibit the imposition of

the VPA on indigent defendants. RCW 7.68.035 (as amended); LAWS of 2023, ch. 449, §

1, which took effect July 1, 2023 ("(4) The court shall not impose the penalty assessment

under this section if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3).").  Laws of 2023, ch. 449, § 1 states:

> (5) Upon motion by a defendant, the court shall waive any crime victim penalty assessment imposed prior to the effective date of this section if:
>
> . . . .
>
> (b) The person does not have the ability to pay the penalty assessment.  A person does not have the ability to pay if the person is indigent as defined in RCW 10.01.160(3).

Generally, statutes apply prospectively from their effective date unless the legislature indicates it intends otherwise.  *State v. Humphrey*, 139 Wn.2d 53, 55, 983 P.2d 1118 (1999).  However, a newly enacted statute generally applies to all cases pending on direct appeal that are not yet final.  *State v. Jefferson*, 192 Wn.2d 225, 246, 429 P.3d 467 (2018) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994); *State v. Pillatos*, 159 Wn.2d 459, 470, 150 P.3d 1130 (2007)).

Here, the legislature likely intended this statutory amendment to apply retroactively, evidenced by the provision requiring previously imposed VPA fees on indigent defendants to be struck upon a defendant's motion.  Further, even if the legislature did not intend the statute to apply retroactively, Ward's case is pending on direct appeal and not yet final.  Thus, the newly enacted statute applies to her case and the VPA should be struck.

Because we are remanding to strike the VPA, it is unnecessary to address Ward's

alternative argument regarding the source of her income.

We affirm the sentence and remand to strike the VPA.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.