# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 70367-6-I |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| TONYA LYNN CARLSON, | ) |
| | ) |
| Appellant. | ) FILED: August 12, 2013 |
| | ) |

APPELWICK, J. — During a traffic stop, an officer seized marijuana from Carlson's vehicle. Carlson was convicted of possession of a controlled substance. Carlson argues that her trial counsel provided ineffective assistance when he failed to make a motion to suppress seized drug evidence and when he failed to object to irrelevant and prejudicial testimony at trial. We affirm.

## FACTS

In 2011, Chehalis Police Officer Robin Holt pulled Tonya Carlson over for going 40 m.p.h. in a 30 m.p.h. zone. Officer Holt noticed a strong odor of marijuana coming from her vehicle. He asked Carlson to step out of her vehicle in order to determine if she was driving under the influence (DUI). Officer Holt concluded that she was not under the influence but he confronted Carlson about the marijuana smell. Carlson acknowledged the presence of marijuana in the vehicle and provided him with her

personal medical authorization card. Officer Holt noted that the authorization had expired in 2010.

Ultimately, Officer Holt recovered 327.2 grams of marijuana from the vehicle. He and Carlson give slightly different accounts of the circumstances surrounding the seizure. Officer Holt claims he considered telling Carlson that she had the option of handing over the marijuana or having her car impounded, but instead only said, "Do you want to give it to me or I could really. . . ." At which point, Carlson quickly opened the vehicle door and reached for a black bag. Concerned about his safety, Officer Holt stopped Carlson and reached into the car himself. The bag was unzipped, clearly showing the marijuana, and he seized the bag. In contrast, Carlson claims that after Officer Holt asked for the marijuana, she grabbed the bag from the back of the vehicle and gave it to him. She was uncertain whether he had to open the bag before pulling the marijuana out.

Carlson was not arrested, but was allowed to drive away with her children. The State later charged Carlson with possession of a controlled substance – over 40 grams of marijuana. At an omnibus hearing, Carlson's trial counsel entered notice of an affirmative defense that the possession was legal under the medical marijuana statute.

At trial, Carlson maintained that she was a designated medical marijuana provider for Michael Perry. A doctor testified that Perry was a qualified patient. Perry corroborated this and testified that his 60 day supply was about six ounces (about 170 grams).

The jury found Carlson guilty.

## DISCUSSION

Carlson raises two claims of ineffective assistance of counsel. First, she argues that her trial counsel failed to make a motion to suppress the seized marijuana. Second, she contends that trial counsel failed to object to testimony she characterizes as irrelevant and prejudicial.

The court reviews claims for ineffective assistance de novo. In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). To prevail, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Deficiency means counsel's representation fell below an objective standard of reasonableness based on consideration of all the circumstances. Id. at 687-88; State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Prejudice means that there is a reasonable probability that, but for counsel's error, the result would have been different. McFarland, 127 Wn.2d at 334-35. Judicial scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689.

Carlson argues she was prejudiced by trial counsel's failure to make a motion to suppress the marijuana evidence. We must first determine whether the trial court would have sustained the motion. State v. Hendrickson, 129 Wn.2d 61, 79-80, 917 P.2d 563 (1996). Carlson argues that Officer Holt acted without a warrant and without permission when he entered the defendant's vehicle and seized the black bag containing the marijuana.[1]

---

[1] Carlson's argument is based on the testimony of Officer Holt. At trial, Carlson stated that it was she, not Officer Holt, who retrieved the bag from the back of the car. Under her version of events, her consent is clear and there is no illegal search of the car

3

In an investigative stop, the scope of the search should be sufficient to assure the officer's safety. State v. Kennedy, 107 Wn.2d 1, 12, 726 P.2d 445 (1986). This means the officer may search for weapons within the investigatee's immediate control. Id. Here, Carlson was not under arrest. She was not handcuffed or otherwise restrained. It was late at night. She was standing next to the vehicle. She quickly opened the vehicle door, reached inside, and attempted to grab her bag. Both the car interior and the bag were within her immediate control. The scope of the challenged search was limited to reaching into the vehicle to prevent Carlson from taking possession of and reaching into the bag. Officer safety was the sole motivation of this limited intrusion into the vehicle and the subsequent seizure and search of the bag. Under these facts, the search of the vehicle and the seizure and search of the bag without warrant were clearly permissible.

There is no reasonable probability that the evidence would have been suppressed. Carlson consented to Officer Holt obtaining the marijuana. The search of the vehicle and bag, and the seizure of the marijuana were justified by officer safety concerns. Therefore, the outcome would not have changed and Carlson was not prejudiced. If one of the prongs of the test is absent, the court need not inquire further. Strickland, 466 U.S. at 697; State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). The court can affirm on this ground alone.

---

or illegal seizure of the bag. On appeal, Carlson does not dispute her trial court testimony. She contends only that her consent was made ineffective when Officer Holt stopped her from reaching into the vehicle.

Carlson also argues that trial counsel was ineffective for failing to object to Officer Holt's testimony that he chastised her for having marijuana in the vehicle with her children:

> Q: Did you tell her you were going to take her kids away from her?
>
> A: After I had taken the marijuana, I kind of chastised her a little bit for having her child with her driving with all that marijuana. You know, I said, "I'm going to write this report up, send it to the Prosecutor for review and probably send it to CPS [Child Protective Services]," because I thought it was in poor judgment that she's driving around with all this marijuana with her child in the car so . . . ."

Carlson argues that her trial counsel was deficient in not objecting to this evidence as irrelevant and unfairly prejudicial.

Under the deficiency prong, Carlson must show the absence of legitimate strategic or tactical reasons for the challenged conduct. McFarland, 127 Wn.2d at 336. Carlson's defense was that she was a designated provider. The statute required presentation of documentation upon request from law enforcement. Former RCW 69.51A.040(3)(c) (2007), amended by LAWS OF 2001, ch. 181, § 401. Thus, Carlson had to explain why she did not provide the supporting documentation to police during or following the incident. The record shows that Carlson's counsel was trying to explain her failure by showing that Carlson was bullied and flustered by Officer Holt. Carlson's trial counsel asked Officer Holt if he was standing "right over the top of her with a flashlight" and repeatedly inquired if Carlson was upset during the incident. Trial counsel even asked Officer Holt about the testimony at issue:

> Q. So you're trying to calm her down. But you're chastising her. Correct?
>
> A. Chastised her at the end.

5

Q. So trying to calm her down and then make her feel bad on top of that at the end?

He asked Carlson if she was scared when she was told to get out of the vehicle and if the situation was confusing. During closing arguments, trial counsel argued that Carlson was afraid and intimidated during the encounter. He even cites to Officer Holt "chastising" Carlson as an example of why she would feel that way.

Trial counsel repeatedly emphasized Officer Holt's behavior as intimidating and Officer Holt's statement to Carlson furthers this argument. The failure to object was part of a legitimate trial strategy. Therefore, counsel's performance was not deficient.

Given the trial strategy to establish that Carlson had been intimidated, Officer Holt's testimony was relevant to establish what he said and when he said it. Officer Holt's statements that it was poor judgment to drive around with children and marijuana in the car and that he would report it to CPS occurred after Carlson delivered the marijuana. They could not have caused Carlson to fail to deliver the proper documentation nor have coerced Carlson to deliver the marijuana to him. The jury was aware that the children were in the car with the marijuana. These remarks were not so prejudicial that the trial court was likely to grant a motion to strike the evidence. Counsel was not deficient.

Even assuming deficiency in failing to object to the implication that she was a bad mother whose children should be taken away, Carlson fails to establish the necessary prejudice. The question of fact for the jury was whether Carlson was lawfully in possession of the marijuana as a designated treatment provider. Carlson failed to provide designated provider documentation to the police during or after the incident. Moreover, she possessed marijuana far in excess of the needs of the qualified patient—

6

372.2 grams. The statute permits possession of a 60 day supply. Former RCW 69.51A.040(3)(b). Perry testified he required, at most, 6 ounces per 60 days (about 170 grams). In light of that evidence, Carlson cannot establish the outcome would have been different.

We affirm.

Appelwick, J

WE CONCUR:

Verellen, J

Dwyer, J.