2016 NOV 14 A.M 11:24


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75642-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| RUSLAN Y. BEZHENAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 14, 2016 |
| | ) | |

MANN, J. — The City of Centralia posted a notice on a building owned by the parents of Ruslan Bezhenar as unfit for human occupation and prohibited unauthorized entry. Four days later, while responding to a possible burglary at the Bezhenars' building, the Centralia Police found Bezhenar and others inside the building with signs that they were living there. Bezhenar was arrested and charged with felony harassment and criminal trespass. A jury convicted Bezhenar of criminal trespass in the first degree. Bezhenar appeals, contending that there was insufficient evidence to sustain his conviction and for ineffective assistance of counsel.

Because a rational jury could find beyond a reasonable doubt that Bezhenar unlawfully entered and remained in the building without authorization, we affirm the judgment and sentence.

## FACTS

Bezhenar's parents, Galina and Yuriy Bezhenar, own a building in Centralia, Washington. They allowed Bezhenar to live in the upstairs apartment as well as use it for storing tools. On July 9, 2012, the City of Centralia (City) posted a notice on the front door of the building deeming it uninhabitable due to a lack of utilities, including water and electricity. The notice stated in full:

> This structure has been deemed unfit for habitation per CMC Title 18. Any unauthorized person found within these premises is subject to arrest and prosecution to the full extent of the law. Removal of this sign is a gross misdemeanor and is punishable by a fine of $5,900.00 and one year in jail. Centralia Building Department.

Four days after the notice was posted, on July 13, 2012, Centralia Police Officer Mike Lowrey responded to a possible burglary in progress at the Bezhenars' building. A witness called the police after seeing a man climb up the building's drainpipe and enter through a window. Nobody saw the man leave.

The Centralia Police Officers knocked on the building's doors and yelled for the occupants to exit. After the officers announced that a K-9 unit was preparing to search the building, two women exited the building's side door, locking the door behind them.

Believing that other people were still inside, the officers used a fire truck's ladder to climb onto an awning beneath the open second story window. Once on the awning, Officer Lowrey saw Bezhenar and a woman, Darcy Negrete, through the window. Eventually, Lowrey handcuffed Bezhenar, pulled him out backwards through the open

-2-

window onto the awning, and brought him down to the sidewalk. Lobo, a police dog, was also on the awning. While Officer Lowrey was handling Bezhenar on the awning, Lobo bit Bezhenar on the arm. After Bezhenar and Officer Lowrey climbed down from the awning, another officer brought Negrete down. Officer Lowrey testified that while Bezhenar was receiving medical care for his arm, he threatened Officer Lowrey.

The State charged Bezhenar with felony harassment and criminal trespass in the first degree. A jury convicted Bezhenar of felony harassment, but deadlocked on the criminal trespass charge. On appeal, this court reversed and in an unpublished decision remanded Bezhenar's felony harassment charge due to prosecutorial misconduct. See State v. Bezhenar, noted at 181 Wn. App. 1034 (2014). We did not reach the merits of Bezhenar's appeal of his trespass conviction.

On remand, the State charged Bezhenar with felony harassment and criminal trespass in the first degree again. In the second trial, a jury convicted Bezhenar of criminal trespass in the first degree, but deadlocked on the felony harassment charge.

Bezhenar appeals his criminal trespass charge contending that there was insufficient evidence for the jury and that he received ineffective assistance from trial counsel.

ANALYSIS

Sufficiency of the Evidence

Bezhenar argues that the evidence at his trial was insufficient to sustain a conviction for criminal trespass in the first degree and that the court erred when it denied Bezhenar's motion to dismiss the charge for insufficient evidence.

The State is required under the due process clause to prove all of the necessary elements of the crime charged beyond a reasonable doubt. U.S. CONST. amend. XIV, § 1; In re Winship, 397 U.S. 358, 362-65, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). To determine whether the evidence is sufficient to sustain a conviction, we review the evidence in the light most favorable to the State and ask whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Elmi, 166 Wn.2d 209, 214, 207 P.3d 439 (2009). When a defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence. Washington v. Farnsworth, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016). "[A] reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a 'meaningful opportunity to defend' against the charge against him and a jury finding of guilt 'beyond a reasonable doubt.'" Musacchio v. United States, __ U.S. __, 136 S. Ct. 709, 715, 193 L. Ed. 2d 639 (2016) (quoting Jackson v. Virginia, 443 U.S. 307, 314-15, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The legal determination of the sufficiency of the evidence "essentially addresses whether 'the government's case was so lacking that it should not have even been submitted to the jury.'" Musacchio, 136 S. Ct. at 715 (quoting Burks v. United States, 437 U.S. 1, 16, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)). Deference must be given to the trier of fact who resolves conflicting testimony and evaluates the credibility of witnesses and persuasiveness of material evidence. State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308 (1989).

"A person is guilty of criminal trespass in the first degree if he or she knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1). A person "enters or remains unlawfully" in premises when he is not then licensed, invited, or otherwise

privileged to so enter or remain. RCW 9A.52.010(2). To convict Bezhenar, the State had the burden to prove beyond a reasonable doubt, that Bezhenar knowingly entered or remained in a building and knew that entering or remaining was unlawful—that he was not licensed, invited, or otherwise privileged to enter or remain.

At Bezhenar's trial, evidence of knowing "entry or remaining" included: (1) Bezhenar and three others were in the building; (2) Bezhenar was sleeping on the bed at the time the police arrived; (3) the interior of the apartment looked like someone lived there; and (4) Bezhenar's mother testified he was living or "being" in the building at the time of the arrest.[1] Evidence that Bezhenar knew entry was illegal included the obvious posting on the front door of the building. Evidence also included a witness's observation that a man was seen climbing an outside drainpipe, then entering and not leaving the building. While Bezhenar initially testified the person entering through the drainpipe was named "Marcus," Bezhenar later confirmed that he had not seen Marcus at the apartment that day. Nobody else testified that Marcus had been at the apartment.

Bezhenar argued at trial that that his entry was not unlawful because he was in the apartment with the owners' (his parents) permission. It is a statutory defense to the crime of criminal trespass that "[t]he actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." RCW 9A.52.090(3). This statutory defense negates the unlawful presence element of the criminal trespass crime. City of Bremerton v. Widell, 146 Wn.2d 561, 570, 51 P.3d 733 (2002). When a defendant asserts that his entry was

---

[1] Report of Proceedings (RP) (Jan. 22, 2015) at 206-207 and 228.

permissible under RCW 9A.52.090(2), the State bears the burden of proving the absence of the defense because that defense "negates the requirement for criminal trespass that the entry be unlawful." City of Bremerton, 146 Wn.2d at 570 (quoting State v. Finley, 97 Wn. App. 129, 138, 982 P.2d 681 (1999)). Once a defendant "has offered some evidence that his or her entry was permissible under RCW 9A.52.090, the State bears the burden to prove beyond a reasonable doubt that the defendant lacked license to enter." City of Bremerton, 146 Wn.2d at 570.

Bezhenar's argument that he was in the building with his parents' permission ignores that at the time he entered the building, the City had posted a notice on the building and deemed it uninhabitable and prohibited all but authorized entry. Once the City has closed and posted a notice on the building for no unauthorized entry, the owners are no longer empowered to authorize entry. As the trial court explained in response to Bezhenar's motion to dismiss contending that the owner has the right to enter or authorize entry into a posted building:

> that would render a notice from the city that a building is not habitable, that would render that totally meaningless under your theory, it applies to everybody except the owner and the owner could say go ahead, you could be inside these premises despite what the notice says.[2]

Once a notification is posted on a building, the authorizing entity is the City. While the City could authorize the owner to reenter, Bezhenar offered no evidence that the City authorized either his entry into, or habitation, of the apartment. Because Bezhenar failed to offer evidence that his right to enter was authorized, the statutory defense in RCW 9A.52.090(3) did not apply.

---

[2] RP (Jan. 22, 2015) at 279.

-6-

Reviewing the evidence in the light most favorable to the State, there was sufficient evidence that a rational trier of fact could find the elements of criminal trespass in the first degree.

Ineffective Assistance of Counsel

Bezhenar contends that his Sixth Amendment right to counsel was violated by his trial counsel's deficient performance. Specifically, Bezhenar argues that his counsel provided ineffective assistance by "failing to fully raise the defense that Bezhenar reasonably believed that he had license to enter the property and [failing] to propose an instruction to support the argument."[3]

We review ineffective assistance claims de novo. In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). To sustain a claim of ineffective assistance of counsel, "the defendant must show: (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" In re Fleming, 142 Wn.2d at 865 (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). We are highly deferential to counsel's performance, In re Personal Restraint of Gomez, 180 Wn.2d 337, 348, 325 P.3d 142 (2014) (citing Strickland, 466 U.S. at 689), and strongly presume that counsel's representation was effective. State v. McFarland, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995).

Bezhenar contends first that his counsel's failure to argue that Bezhenar reasonably believed that he was licensed to be in the building under RCW 9A.52.090(3) violated Bezhenar's right to counsel. This argument fails. In renewing his motion to dismiss for insufficient evidence, Bezhenar's counsel argued extensively that Bezhenar

_____

[3] Br. of Appellant at 16.

had permission to enter the building, which is a defense to the charge under RCW 9A.52.090(2): "So my position on count two is essentially [that Bezhenar] did have permission which makes the entry or remaining not unlawful."[4] Bezhenar's counsel built his defense strategy around the fact that Bezhenar believed that he had permission to be there. Bezhenar cannot establish that his counsel's performance was deficient.

Second, Bezhenar argues that his right to counsel was violated when his trial counsel failed to propose a jury instruction. Bezhenar argues that his counsel should have proposed the "reasonable belief" instruction WPIC 19.06—a jury instruction specifically tailored to first degree criminal trespass:

> It is a defense to a charge of criminal trespass in the first degree that the defendant reasonably believed that the owner of the premises or other person empowered to license access to the premises would have licensed the defendant to enter or remain.
>
> The State has the burden of proving beyond a reasonable doubt that the trespass was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty as to this charge.

11 WASHINGTON PRACTICE: PATTERN JURY INSTRUCTIONS: CRIMINAL.19.06 (4th ed. 2016) (WPIC).

Where a claim of ineffective assistance is based on counsel's failure to request a particular jury instruction, the defendant must show that he was entitled to the instruction, counsel's performance was deficient in failing to request it, and the failure to request the instruction caused prejudice. State v. Thompson, 169 Wn. App. 436, 495, 290 P.3d 996 (2012).

---

[4] RP (Jan. 22, 2015) at 279.

Here, Bezhenar was not entitled to the instruction because, although his parents licensed him to be in the building, the City of Centralia did not. The City prohibited habitation in the building. Thus, the City would not have licensed Bezhenar to enter or live in the building. Because Bezhenar was not entitled to the instruction, we need not consider whether his counsel's performance was deficient for failing to request it.

Further, Bezhenar what not prejudiced by the lack of the "reasonable belief" instruction. The jury was instructed that in order to find Bezhenar guilty of criminal trespass in the first degree, they needed to find, beyond a reasonable doubt that he "knew that the entering or remaining was unlawful."[5] Bezhenar argued during closing argument that the unlawful element could not be met because despite the City's notice, the owners had the right to give permission for their son to enter the building or to remove things so long as he was not living there. Juries are presumed to follow the court's instructions. State v. Warren, 165 Wn.2d 17, 29, 195 P.3d 940 (2008). Had the jury believed Bezhenar reasonably believed he had permission to enter the building or had reasonable doubts as to his knowledge, they would not have found that he knew entry was unlawful. Despite Bezhenar's argument, the jury found him guilty of criminal trespass.

Bezhenar cannot establish that his Sixth Amendment right to counsel was violated by his trial counsel's performance.

---

[5] Clerk's Papers (CP) at 145.

-9-

We affirm the judgment and sentence.

WE CONCUR:

_____

_____        Mann, J.

_____        Appelwick, J.