# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE<br>PERSONAL RESTRAINT OF:<br><br>RYAN GONZALEZ,<br><br>           Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 81787-6-I<br><br><br>UNPUBLISHED OPINION |

MANN, C.J. — Ryan Gonzalez filed this personal restraint petition (PRP) following this court's decision affirming his judgment and sentence. Gonzalez argues that his trial counsel was ineffective for failing to: (1) object to testimony regarding Gonzalez's intoxication; (2) request a voluntary intoxication instruction; (3) call witnesses who could have testified regarding Gonzalez's sobriety prior to his acts of burglary and domestic violence; and (4) investigate a potential alibi. We disagree and deny the personal restraint petition.

## BACKGROUND[1]

On April 13, 2017, shortly after Gonzalez's release from jail, he arrived at his ex-girlfriend Michelle Wirth's apartment. Despite having a no-contact order in place, Gonzalez sought to renew their relationship and Wirth apparently agreed. On April 19, 2017, Gonzalez and Wirth decided to spend the day together. Gonzalez began drinking

---

[1] The background facts are taken from our unpublished decision in State v. Gonzalez, No. 78093-0-I, (Wash. Ct. App. July 15, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/780930.pdf.

Citations and pin cites are based on the Westlaw online version of the cited material.

early and continued drinking into the evening. Wirth's friend, Travis Sanders, eventually joined. After additional drinks at two more venues the trio went to Wirth's apartment. Concerned with Gonzalez's intoxication, Wirth refused to let him enter. Gonzalez and Sanders left the apartment. Wirth then called Sanders to continue talking with him.

About a half hour later, while Wirth was on the phone, Gonzalez entered her unlocked apartment without her permission. Gonzalez assaulted Wirth, spat on her face, choked her, and punched and kicked her in the face several times. When the assault ended, Wirth convinced Gonzalez to go outside, by which time Sanders had arrived.

After hearing Wirth tell Sanders about the assault, Gonzalez fled. Wirth eventually called the police. Before the police arrived, Gonzalez reappeared, but fled again after hearing that police were en route. Police shortly found and arrested Gonzalez. Officers testified that Gonzalez was visibly intoxicated and acting belligerent with them.

The State charged Gonzalez with domestic violence burglary in the first degree, domestic violence felony violation of a court order, and interfering with domestic violence. The State also charged Gonzalez with domestic violence misdemeanor violation of a court order. The jury found Gonzalez guilty of counts one and two—domestic violence burglary in the first degree and domestic violence felony violation of a court order—but not guilty of counts three and four. In a bifurcated portion of the trial, the court found that the rapid recidivism aggravator as to counts one and two was warranted. The court sentenced to Gonzalez to 90 months in prison. Gonzalez appealed.

-2-

This court affirmed Gonzalez's judgment and sentence, holding that the trial court properly excluded two defense character witnesses, properly excluded evidence of Wirth's prior false accusations of abuse against other men, and did not violate Gonzalez's Sixth Amendment right to present a defense.

Gonzalez timely filed this PRP.

## ANALYSIS

"A petitioner may request relief through a PRP when he is under unlawful restraint." In re Pers. Restraint of Monschke, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (citing RAP 16.4(a)-(c)). We will reach the merits of a PRP only after the petitioner makes a showing of (1) constitutional error from which he has suffered actual and substantial prejudice or (2) nonconstitutional error constituting a fundamental defect that inherently resulted in a complete miscarriage of justice. In re Pers. Restraint of Davis, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004).[2]

A petitioner bears the burden of showing prejudicial error by a preponderance of evidence. In re Pers. Restraint of Lord, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). We dismiss as frivolous a PRP that fails to present an arguable basis for collateral relief in either law or fact, given the constraints of the PRP vehicle. In re Pers. Restraint of Khan, 184 Wn.2d 679, 686-87, 363 P.3d 577 (2015).

---

[2] Gonzalez cites In re Personal Restraint of Pierce, 173 Wn.2d 372, 377, 268 P.3d 907 (2011), for the premise that "when a petition raises issues that were afforded no previous opportunity for judicial review, . . . the petitioner need not make the threshold showing of actual prejudice or complete miscarriage of justice." Gonzalez cites this premise out of context. In Pierce, the review concerned money that had been taken from an inmate's account after he was incarcerated. 173 Wn.2d at 375. Here, Gonzalez's claims of ineffective assistance of counsel had an opportunity for judicial review on direct appeal.

A. Ineffective Assistance of Counsel

Gonzalez argues that his continued restraint is unlawful because his counsel was ineffective in violation of the Sixth Amendment of the United States Constitution. He claims that counsel was ineffective for failing to: (1) object to testimony regarding Gonzalez's intoxication; (2) request a voluntary intoxication instruction; (3) call witnesses who could have testified regarding Gonzalez's sobriety prior to his acts of burglary and domestic violence; and (4) investigate a potential alibi. We address each in turn.

A defendant has a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A claim of ineffective assistance of counsel presents a mixed question of fact and law that we review de novo. In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). To prevail on a claim of ineffective assistance of counsel, a party must establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant's case. Strickland, 466 U.S. at 687. If a defendant fails to satisfy either prong, we need not inquire further. State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

To establish deficient performance, the defendant must show that trial counsel's performance fell below an objective standard of reasonableness. State v. McNeal, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). To demonstrate prejudice, the defendant must show that, absent counsel's unprofessional errors, the result of the proceeding would have been different. McNeal, 145 Wn.2d at 362. When reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's representation

was "adequate, and exceptional deference must be given when evaluating counsels strategic decisions." McNeal, 145 Wn.2d at 362.

### 1. Intoxication

Gonzalez argues that his counsel was ineffective for failing to object to testimony regarding his intoxication. We disagree.

At trial, Wirth testified that Gonzalez consumed alcohol to the point of intoxication, causing a jealous and angry temperament that led Wirth to deny him entry into her apartment. Defense counsel cross-examined Wirth to portray her as equally intoxicated, the mood of the evening as friendly, and to demonstrate that she was confused about the timing of events. Sanders likewise testified that Gonzalez had become intoxicated to the point of slurring words and being unable to stand. On cross-examination, defense counsel highlighted Sanders's comfort with leaving Wirth alone with Gonzalez.

During defense counsel's closing argument, the involvement of alcohol was a key factor in the events surrounding the attack on Wirth. Counsel portrayed Wirth and Sanders as heavy drinkers with inconsistent stories, suggesting that each were lying.

This claim of ineffective assistance of counsel fails under Strickland. First, Gonzalez cannot show that his counsel's conduct was deficient. Gonzalez's defense counsel used intoxication for legitimate trial tactics. Counsel attacked the credibility of each witness by noting that they too were drinking heavily. Counsel also used intoxication in closing argument to direct the jury to the witness's inconsistences. Further, any objection to evidence of intoxication being introduced would have likely

been overruled.  Intoxication was relevant to Gonzalez's mood, as well as the motives and actions that stemmed from it.

Second, Gonzalez cannot show prejudice.  Even if the evidence of his intoxication had not been entered, there was still testimony that Gonzalez entered Wirth's apartment uninvited, and evidence of the assault on Wirth.  The result of the trial would not have been different.  Gonzalez's counsel was not ineffective for failing to object to evidence of intoxication.

### 2. Jury Instruction

Gonzalez argues that his counsel was ineffective for failing to request a voluntary intoxication jury instruction.  We disagree.

We first determine if Gonzalez was entitled to the voluntary intoxication instruction.  State v. King, 24 Wn. App. 495, 501, 601 P.2d 982 (1979).  If Gonzalez was entitled to the instruction, we next decide whether legitimate trial strategy or tactics warrant not requesting the instruction.  See McFarland, 127 Wn.2d at 336.  Finally, we determine if Gonzalez has been prejudiced by counsel's inaction.  Cienfuegos, 144 Wn.2d at 228-29.

A defendant is entitled to a voluntary intoxication instruction when (1) the crime charged includes a mental state, (2) there is substantial evidence of drinking, and (3) there is evidence that the drinking affected the defendant's ability to form the requisite intent or mental state.  State v. Gallegos, 65 Wn. App. 230, 238, 828 P.2d 37 (1992).  Put differently, the evidence "must reasonably and logically connect the defendant's intoxication with the asserted inability to form the required level of culpability to commit

the crime charged." State v. Gabryschak, 83 Wn. App. 249, 252-53, 921 P.2d 549 (1996).

Here, Gonzalez fails on the third element. Both burglary in the first degree and violation of a court order contain the mental states of intent and knowledge, respectively. See RCW 9A.52.020; RCW 26.50.110(1), (4). Additionally, there is substantial evidence of Gonzalez's drinking. Gonzalez, however, has cited no evidence to assert the inability to form the required level of culpability to commit the crime charge. Therefore, he was not entitled to a voluntary intoxication instruction.

### 3. Potential Witness Testimony & Alibi

Gonzalez argues that his counsel was ineffective for failing to call witnesses who could have testified regarding his sobriety prior to his acts of burglary and domestic violence, as well as failing to pursue an alibi that Gonzalez was in a different bar at the time of Wirth's assault. We disagree.

Gonzalez bears the burden of presenting competent, admissible evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay. In re Pers. Restraint of Rice, 118 Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Gonzalez does not meet this burden.

Gonzalez asserts that defense counsel should have called his grandmother and father to testify that Gonzalez was not intoxicated when he left dinner, thus calling Wirth and Sanders's testimony into question. Gonzalez offers no evidence regarding what these individuals would have said or how their testimony would have changed the outcome of trial. This assertion is mere speculation that does not warrant addressing by this court.

Gonzalez's argument that defense counsel should have more thoroughly investigated an alibi defense is likewise frivolous. To prevail under a "failure to investigate" theory, a defendant must show a reasonable likelihood that the investigation would have produced useful information not already known to trial counsel and that the failure to investigate prejudiced the defendant. Davis, 152 Wn.2d at 739. Gonzalez has provided nothing aside from conjecture in his PRP that there were additional witnesses or that an investigation into his alternate theory would have yielded beneficial results.

The petition is denied.

_____
Mann, C.J.

WE CONCUR:

_____                    _____
Dwyer, J.                                     Appelwick, J.