# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| IN THE MATTER OF THE PERSONAL RESTRAINT OF: ROBERT LEE WILLIS, Petitioner | No. 83732-0-I DIVISION ONE UNPUBLISHED OPINION |

FELDMAN, J. — Robert Lee Willis filed a personal restraint petition challenging his 2018 conviction for burglary under RAP 16.4. He claims that his trial counsel provided ineffective assistance in numerous respects as detailed below. He also claims scrivener's error regarding the date of his crime. Because the facts of this case are known to the parties, we do not repeat them here except as relevant to the arguments below. We reject Mr. Willis's ineffective assistance arguments and grant his request to correct an identified scrivener's error as follows.

A.     Ineffective assistance of counsel

To obtain collateral relief, a petitioner must show either an error of constitutional magnitude that gives rise to actual prejudice or a non-constitutional error that "'inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010) (*quoting In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004)). An

ineffective assistance of counsel claim is a claimed constitutional error. *See State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Such claims present mixed questions of law and fact, which this Court reviews de novo. *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). To succeed, a petitioner must show that their counsel's performance (1) fell below an objective standard of reasonableness and (2) prejudiced them. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If a petitioner submitting a personal restraint petition meets this burden, they have necessarily met their burden to show a constitutional error that caused actual prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

This court approaches an ineffective assistance of counsel claim with a strong presumption that counsel provided effective representation. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004). A petitioner can "'rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This Court evaluates the reasonableness of counsel's performance from "'counsel's perspective at the time of the alleged error and in light of all the circumstances.'" *Id.* (quoting *Kimmelman*, 477 U.S. at 384). To establish prejudice, the petitioner must show a reasonable probability that the result of the trial would have been different without their counsel's deficient performance. *Strickland*, 466 U.S. at 694. If a reviewing court concludes that a petitioner fails to establish either prong of the test, it need

not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). Applying these legal principles here, we hold that Mr. Willis's lawyer acted reasonably and therefore deny relief on this basis.

1. Other suspect evidence. Mr. Willis argues that his trial counsel provided ineffective assistance by failing to present Cornell Burr, who was Detective Christiansen's initial person of interest, as an "other suspect." Contrary to Mr. Willis's argument, his trial counsel did argue and present evidence that Mr. Burr was a person of interest. This included pretrial motions, opening statement, cross-examination during trial, and closing argument. Viewing trial counsel's performance and alleged error in light of all the relevant circumstances, we hold that Mr. Willis's lawyer acted reasonably in this regard and we reject Mr. Willis's contrary argument.

2. Severance. Mr. Willis next argues that his trial counsel provided ineffective assistance by failing to move to sever Mr. Willis's case from the case of his codefendant, Jonathan Key. This argument fails because we have already concluded on direct review that the trial court did not abuse its discretion by failing to grant severance and that Mr. Willis did not show that the trial court's failure to sever was prejudicial. *State v. Willis*, No. 79790-5-I, slip op. at *11 (Wash. Ct. App. Sept. 28, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/797905.pdf. We will not consider Mr. Willis's contrary arguments here.

3. Failure to Investigate alibi witness. Mr. Willis argues that trial counsel provided ineffective assistance by failing to investigate an alibi witness who

would have confirmed that Mr. Willis did not participate in the burglary. When asked if he interviewed the alibi witness, Mr. Willis's trial counsel said that he did not have access to the case records and that the interview of the alibi witness "would have occurred if the information was provided." Because Mr. Willis has not shown that his trial counsel failed to investigate the alibi witness, he has not provided evidence to rebut the strong presumption that counsel provided effective representation.

4. Failure to object to improper lay witness testimony. Mr. Willis argues that trial counsel provided ineffective assistance by failing to object on two occasions to improper lay witness testimony that purportedly identified Mr. Willis. With regard to the first instance, trial counsel's apparent strategy was to argue that Mr. Willis's presence at the Cash America pawn shop did not tie him to the scene of the burglary. Thus, there were strategic reasons to refrain from objecting to Detective Christiansen identifying Mr. Willis in the security footage. In the second instance, Mr. Dykstra, the victim of the burglary, did not identify Mr. Willis at all, but instead identified the ring in the pawn shop as the same one stolen from his home. Because Mr. Dykstra did not offer an opinion as to the identity of the defendant, as Mr. Willis claims, trial counsel had no reason to object to the identification; therefore, he did not provide ineffective assistance of counsel by not objecting.

5. Failure to object to the admission of irrelevant but substantially prejudicial evidence. Mr. Willis argues that trial counsel provided ineffective assistance by failing to object to the admission of irrelevant but substantially

prejudicial evidence. Here too, Mr. Willis has not rebutted the strong presumption that counsel provided effective representation. Contrary to Mr. Willis's argument that there was no strategic reason for his trial counsel to not object to the inclusion of neoprene masks in evidence, trial counsel could reasonably have decided not to object in order to not draw further attention to the fleeting mention of the masks. *See State v. Gladden*, 116 Wn. App. 561, 567-68, 66 P.3d 1095 (2003) (recognizing that defense counsel may have strategically decided that an objection would draw attention to the information he sought to exclude). Additionally, the prosecutor left out any mention of the masks in closing arguments at trial counsel's request, which is further evidence that trial counsel's performance was not unreasonable.

6. Failure to object to the prosecutor's misconduct in closing argument. Mr. Willis argues that trial counsel provided ineffective assistance by failing to object to the prosecutor's alleged misconduct in closing argument. This argument fails because the prosecution's closing argument was not improper. The prosecution suggested a little more than an hour was a reasonable amount of time for a drive between Bellevue and the Cash America in Seattle on a "busy summer afternoon." Mr. Willis claims that this statement was improper because the traffic and weather conditions of the day were not admitted into evidence. But the prosecution's argument was that people familiar with traffic in King County could determine that the trip from Bellevue to Cash America could have taken as long as an hour and twenty minutes, an assertion based on the evidence and common-sense inferences from the evidence. Because there was

no prosecutor misconduct, Mr. Willis's trial counsel could not have provided ineffective assistance by failing to object.

7. Failure to properly cross-examine witness. Mr. Willis argues that trial counsel provided ineffective assistance by failing to properly cross-examine Detective Christiansen. This argument fails because Mr. Willis raised this issue on direct review (*see Willis*, 79790-5-I, slip op. at 6), and a "petitioner in a personal restraint petition is prohibited from renewing an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue." *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013 (internal quotation marks omitted)). "The interests of justice are served by reconsidering a ground for relief if there has been an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." *Id.* (internal quotation marks omitted). Neither exception to this prohibition against reconsidering prior arguments applies here; therefore, Mr. Willis is not entitled to relief on these grounds.

8. Failure to present youth mitigating circumstances. Mr. Willis argues that counsel provided ineffective assistance by failing to investigate and present youth as a mitigating circumstance during sentencing. This decision was neither unreasonable nor prejudicial, as cases in which the youthfulness of the defendant was a mitigating factor include sentences of life without parole and defendants between 18 and 21 years old, whereas Mr. Willis is well outside that age range and was not sentenced to life without parole. *See In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 328-29, 482 P.3d 276 (2021) (courts

must consider youth as a mitigating circumstance when sentencing an 18-, 19-, or 20-year-old to mandatory life without parole); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 88, 514 P.3d 653 (2022) (holding that expert witness testimony on developmental research of adolescents between 18 and 21 years would not have supported mitigating the sentence of a defendant who was 21 when committing a crime).

9. Cumulative ineffective assistance of counsel. Mr. Willis argues that even if none of the foregoing claims constitutes ineffective assistance of counsel when viewed in isolation, there is nonetheless *cumulative* ineffective assistance justifying relief on collateral review. Based on our careful review of Mr. Willis's arguments and the trial court record, we hold that Mr. Willis has not rebutted the strong presumption that counsel provided effective representation nor has he established prejudice as required to grant relief. We therefore reject this argument as well.

B.    Scrivener's error

Finally, Mr. Willis argues that there is a scrivener's error in the judgment and sentence, which lists the date of the crime as September 22, 2018 rather than the actual date of August 18, 2018. Because Mr. Willis is correct and this argument is unopposed, we grant his personal restraint petition in this limited respect and remand the matter for the ministerial task of correctly stating this date in the judgment and sentence.

In sum, we grant Mr. Willis's petition in part and remand the matter to the trial court for the ministerial task of correcting the scrivener's error in the judgment and sentence. In all other respects, the petition is denied.

Feldman, J.

WE CONCUR:

Birk, J.

Mann, J.